ELECTRONICALLY FILED

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF KENTUCKY**
**PADUCAH DIVISION**
**CASE NO.:** 5:12CV-199-R

**JERALD MARION OLDHAM**                                                                                          **PLAINTIFF**

v.                                               **NOTICE OF REMOVAL**

**EXTENDICARE HOMES, INC. d/b/a**
**SHADY LAWN NURSING HOME**                                                                         **DEFENDANT**

\* \* \* \* \* \* \* \* \*

Comes now Defendant, Extendicare Homes, Inc. d/b/a Shady Lawn Nursing Home ("Shady Lawn") and for its Notice of Removal from the Trigg Circuit Court to the United States District Court for the Western District of Kentucky, Paducah Division, states as follows:

1. On or about November 21, 2012, Jerald Marion Oldham ("Plaintiff") filed a Complaint in the Trigg Circuit Court styled *Jerald Marion Oldham v. Extendicare Homes, Inc., d/b/a Shady Lawn Nursing Home*, Commonwealth of Kentucky, Trigg Circuit Court, Case No.: 12-CI-00259.

2. The Complaint alleges Shady Lawn was negligent in its care and treatment of Jerald Marion Oldham. The Plaintiff seeks to recover compensatory damages for Jerald Marion Oldham's past and future medical expenses, mental anguish, and pain and suffering, as well as punitive damages from Shady Lawn.

3. Shady Lawn was served with the Summons and the Complaint on November 26, 2012.

4. This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. §1332 based

upon diversity jurisdiction. The Complaint alleges Plaintiff is a resident and citizen of Lyon County, Kentucky and further alleges that Defendant, Extendicare Homes, Inc. d/b/a Shady Lawn Nursing Home, is a foreign corporation, authorized to do business in the Commonwealth of Kentucky. Plaintiff's Complaint asserts that Shady Law is located in Trigg County. However, Defendant Extendicare Homes, Inc. is organized under the laws of the State of Delaware with a principal office located at 111 W. Michigan St., Milwaukee, Wisconsin. Thus, the parties are citizens and residents of different states and the requirement of complete diversity is satisfied. *See* 28 U.S.C. §1332(a).

5. Pursuant to 28 U.S.C. §1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The Circuit Court of Trigg County, Kentucky is located within the jurisdiction of the United States District Court for the Western District of Kentucky, Paducah Division. Therefore, venue is proper in this Court and division pursuant to 28 U.S.C. §1441(a).

6. Based upon the allegations raised in the Complaint attached hereto, including Plaintiff's demand for punitive damages, this matter in controversy exceeds $75,000.00 in damages, exclusive of interest and costs.

7. Pursuant to 28 U.S.C. §1332(a), this Court has jurisdiction over this action because it is facially apparent from Plaintiff's Complaint that Plaintiff is seeking damages in excess of the jurisdictional amount in controversy. 28 U.S.C. § 1441(a) provides that "any civil action brought in state court which the district courts have original jurisdiction may be removed by the defendant . . . to the district court of the United States for the district embracing the place

where such action is pending." Federal District Courts "shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and cost, and is between . . . citizens of different states." 28 U.S.C. §1332(a). When determining whether a case meets the jurisdictional requirement for purposes of removal, courts should consider "whether it is 'facially apparent' from the complaint that the damages are 'likely above' the jurisdictional amount in controversy." *Rotschi v. State Farm*, 114 F.3d 1188, 1188 (6th Cir. 1997). Plaintiff's Complaint does not set forth a dollar amount of damages sought. Given the allegations made in the Complaint, however, Shady Lawn has a good faith belief that Plaintiff is seeking damages in excess of $75,000, exclusive of interest and costs. Accordingly, the amount in controversy requirement is satisfied. *See* 28 U.S.C. §1332(a). Plaintiff seeks punitive and compensatory damages as well as attorney fees. Thus, it is facially apparent that Plaintiff is seeking damages in excess of the jurisdictional amount.

8. This Notice of Removal has been filed within thirty (30) days of the date when the action became removable as required by 28 U.S.C. §1446(b). This Notice of Removal is further consistent with 28 U.S.C. §1446(b) in that it has been filed within one year after the commencement date of this action.

9. Pursuant to 28 U.S.C. §1446(a), copies of all process, pleadings, and orders served upon this Defendant in the State Court Action are attached to this Notice as Exhibit "A."

10. Pursuant to 28 U.S.C. §1446(d), a copy of this Notice of Removal is being served upon all parties and a copy is being filed with the Circuit Court of Trigg County, Kentucky.

11. Because 28 U.S.C. §1332(a) confers federal subject matter jurisdiction over this action, removal of this action to this Court is proper pursuant to 28 U.S.C. §1441.

**WHEREFORE**, Defendant, Extendicare Homes, Inc. d/b/a Shady Lawn Nursing Center, at all times relevant hereto gives Notice of the removal of this action from the Circuit Court of Trigg County, Kentucky, to the United States District Court for the Western District of Kentucky in the Paducah Division.

      **QUINTAIROS, PRIETO, WOOD & BOYER, P.A**.

      */s/ J. Peter Cassidy, III*
J. Peter Cassidy, III, Esq.
9300 Shelbyville Rd., Ste. 400
Louisville, KY  40222
502-423-6390
502-423-6391 – facsimile
**ATTORNEY FOR DEFENDANT**

### CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system. I additionally certify that a true and accurate copy of the foregoing was served via U.S. mail, first class, postage prepaid, on the 14th day of December, 2012, upon:

Vanessa B. Cantley, Esq.
Megan R. U'Sellis, Esq.
Bahe Cook Cantley & Nefzger, PLC
Marion E. Taylor Bldg.
312 S. 4th St., 6th Fl.
Louisville, KY  40202

Pam W. Perry
Trigg County Circuit Court Clerk
Trigg County Justice Center
41 Main St.
P.O. Box 673
Cadiz, KY  42211-0673

      */s/ J. Peter Cassidy, III*
      ATTORNEY FOR DEFENDANT